REGAN/ Judge.
The plaintiff, John McCrady, an artist, instituted this suit against the defendant, J. Folse Roy, endeavoring to recover the' sum of $550, the balance' due on an oral contract entered into on May 5, 1953, for the painting of an oil portrait of defendant’s wife.
The defendant answered admitting that he had entered into an oral contract with the plaintiff to paint his wife’s portrait in oil for the sum of $700; that he paid on account thereof the sum of $150 but refused to pay the balance since the portrait failed to depict “a life like likeness of his wife.”
From a judgment in favor of the plaintiff as prayed for the defendant has prosecuted this appeal.
The facts are relatively simple and, to a large extent, uncontroverted. Plaintiff, an artist of excellent repute, was engaged on or about May 5th, 1953, by the defendant, to paint an oil portrait of his wife, for which he was to be paid $700. The sum of $150 was paid on account thereof by the defendant before the artist commenced the portrait and thereafter plaintiff proceeded with the painting thereof, which extended over a period of several months. When the portrait was completed and hung in the living room of defendant’s home, he wrote plaintiff “My wife has prevailed upon me, after the advice of several of her friends who are very familiar with art work, not to accept the portrait that you painted of her. Among the reasons, her face is not properly portrayed, she looks much stouter and older than she actually is and for numerous other reasons, we feel that we must reject that .picture * *
The defendant’s case is predicated on the premise that the portrait fails to depict a “life like likeness of his wife.”
On the other hand, the plaintiff insists that “likenesses are interpretations” and that .this portrait reflects his interpretation as an artist of the: appearance of defendant’s wife.
*528 The only question which we believe has been posed for our consideration is one of fact and that is whether the portrait reveals a reasonable likeness of defendant’s wife.
There is no evidence in the record that defendant’s rejection of the portrait was capricious or arbitrary nor was it suggested either in brief or in oral argument before us that there was any change in the physical appearance of defendant’s wife between the time that the portrait was painted and the trial in this court.
In the course of oral argument the portrait was unveiled and defendant’s wife was seated beside it in order to facilitate our evaluation of the likeness of the portrait to Mrs. Roy. Our reaction to the absence of “likeness” was both spontaneous and instantaneous. It is now our considered opinion that the portrait fails to depict a reasonable likeness of Mrs. Roy. She is an attractive woman of refined and relatively youthful appearance, possessed of fine regular features, good coloring and of a slight trim figure, whereas the portrait reveals a buxom, unattractive middleaged woman, lacking in refinement of appearance and possessed of coarse features.
We believe that the defendant properly rejected this portrait.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the defendant dismissing plaintiff’s suit at his cost.
Reversed.